LACOMBE, Circuit Judge.
The relevant provisions of section 4952, Rev. St. U. S., as amended by the act of March 3, 1891, are as follows:
“Sec. 4952. The author of * * * any dramatic composition * * * shall, upon complying with the provisions of this chapter, have the sole liberty of * * * publicly performing or representing it or causing it to be performed or represented by others,” etc.
There is no evidence to show that defendants are publicly performing or representing complainant’s "dramatic composition.” The *902 right secured by the copyright act is the property in the literary composition, and not in the name or title given to it. In no case, so far as this court is advised, has protection been afforded by injunction, under the copyright laws to the title alone, separate from the book or dramatic composition which it is used to designate. Osgood v. Allen, 1 Holmes, 185, Fed. Cas. No. 10,603. Whatever rights complainant may have to restrain appropriation by another of the title of his work, on general principles of equity, cannot be considered in this suit, which is a controversy between citizens of the same state, and presents no federal question. Motion for injunction denied.